**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL BISSEY and PEGGY BISSEY, h/w | : | |
| *Plaintiffs* | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| SKYJACK, INC. | : | **19    6206** |
| and | : | |
| UNITED RENTALS, INC. | : | **FILED** |
| and | : | |
| LINAMAR CORPORATION | : | DEC 3 , 2019 |
| and | : | |
| JOHN DOES 1-20, | : | Clerk |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT

1.    This is a claim against Defendants, Skyjack, Inc., United Rentals, Inc., Linamar Corporation and John Does 1-20 for personal injuries caused to Plaintiffs, Daniel Bissey and Peggy Bissey, by the negligent acts and/or omissions of the Defendants and their agents, servants, employees, workmen, and/or representatives.

### II.    PARTIES

2.    Plaintiff, Daniel Bissey, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 1604 Chapel Avenue, Allentown, PA 18103.

3.    Plaintiff, Peggy Bissey, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 1604 Chapel Avenue, Allentown, PA 18103, and is the wife of Plaintiff, Daniel Bissey.

4.    Defendant, Skyjack, Inc., upon all information and belief, was an is now a business entity, believed to be a corporation, duly organized and existing under the laws of the

Province of Ontario, Canada, located therein at 55 Campbell Road Guelph, ON N1H 1B9 Canada and upon information and belief is a wholly-owned subsidiary of Defendant Linamar Corporation.

5.      Defendant, United Rentals Inc., upon all information and belief, was an is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut at 100 First Stamford Place, Suite 700, Stamford, CT 069080.

6.      Defendant, Linamar Corporation, upon all information and belief, was an is now a business entity, believed to be a corporation, duly organized and existing under the laws of the Province of Ontario, Canada, located therein at 287 Speedvale Avenue, West, Guelph, Ontario, N1H 1C5.

7.      Defendants, John Does 1-20, are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, sold, supplied, repaired, serviced, leased, maintained and/or distributed the subject scissor lift, and the component parts thereto, including all instruction manuals and associated warnings, involved in Plaintiff Daniel Bissey's accident.

### III.      JURISDICTION AND VENUE

8.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

9.      The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and/or omissions giving rise to the within claims occurred within the district and because Defendants are subject to personal jurisdiction within the district.

## IV.    **FACTUAL ALLEGATIONS**

11.     At all times relevant hereto, Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

12.     At all times prior to April 15, 2019, Defendant, Skyjack, Inc., was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, renting, leasing, providing safety recommendations and/or selling scissor lifts such as the subject scissor lift, believed to be a Skyjack Model SJIII 3219, serial number 10182535, and the component parts thereto, including all instruction manuals and associated warnings. See Photograph of Subject Skyjack Model SJIII 3219 attached hereto as Exhibit A.

13.     At all times prior to April 15, 2019, Defendant, United Rentals Inc., designed, manufactured, assembled, inspected, installed, marketed, manufactured, maintained, rented, leased, provided safety recommendations and/or sold the subject scissor lift, believed to be a Skyjack Model SJIII 3219, serial number 10182535, and its component parts thereto, including all instruction manuals and associated warnings.

14.     At all times prior to April 15, 2019, Defendant, Linamar Corporation, either directly or indirectly, through its predecessors-in-interest, subsidiaries, and/or successors-in-interest, was regularly engaged in the business of designing, distributing, assembling, inspecting,

installing, marketing, manufacturing, maintaining, renting, leasing, providing safety recommendations and/or selling scissor lifts such as the subject scissor lift, believed to be a Skyjack Model SJIII 3219, serial number 10182535, and the component parts thereto, including all instruction manuals and associated warnings.

15.     At all times prior to April 15, 2019, Defendants, John Does 1-20, were regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, renting, leasing, providing safety recommendations and/or selling scissor lifts such as the subject scissor lift, believed to be a Skyjack Model SJIII 3219, serial number 10182535, and the component parts thereto, including all instruction manuals and associated warnings.

16.     On or about April 15, 2019, Plaintiff was lawfully present at Chester County Hospital located at 701 E Marshall St, West Chester, Pennsylvania 19380 in the course and scope of his employment as a carpenter with Dale Construction, LLC.

17.     The aforesaid scissor lift and its component parts provided to the Plaintiff for use at the aforesaid premises on April 15, 2019 was manufactured, designed, marketed, sold, supplied, inspected, distributed, rented, and/or maintained by Defendants Skyjack, Inc., Linamar Corporation, United Rentals, Inc, and John Does 1-20.

18.     Upon information and belief, the subject scissor lift included a control panel which had malfunctioned prior to the date of Plaintiff's injury, including but not limited to the controls regulating the speed of forward motion, as well as raising and lowering of the platform. This extremely dangerous and unsafe hazard including the design and function of the scissor lift and component control panel was not safeguarded to prevent loss of control of the scissor lift

while the scissor lift was in operation as required by code, statute, and good safety engineering practice.

## COUNT I
## DANIEL BISSEY v. SKYJACK INC.
## NEGLIGENCE

19.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighteen (18), inclusive, as though same were fully set forth at length herein.

20.     On or about April 15, 2019, Plaintiff was on his knees cutting sheetrock in the course and scope of his employment with Dale Construction, LLC at Chester County Hospital located at 701 E Marshall St; West Chester, Pennsylvania 19380 when, due to the negligence and wrongdoing of Defendant Skyjack, Inc. and the defective condition of the aforementioned scissor lift, the scissor lift failed to stop moving forward, thereby violently striking Plaintiff and causing him to suffer severe and grievous injuries more fully set forth below.

21.     The negligence of Defendant Skyjack, Inc. consisted of the following:

   a. carelessly and negligently distributing, supplying, installing, designing, manufacturing and/or selling the subject scissor lift and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

   b. carelessly and negligently failing to implement a safe system for ensuring the subject scissor lift and its component parts could be used together safely;

   c. carelessly and negligently failing to recognize the inherent possibility that the subject scissor lift and its component parts could malfunction and/or fail;

   d. failing to reasonably foresee that subsequent alterations would be made to the subject product rendering the subject product unreasonably unsafe to users;

   e. carelessly and negligently failing to properly equip the subject scissor lift and its component parts with proper safety equipment;

f.  carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

g.  failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said scissor lift and its component parts;

h.  failing to ensure that the subject scissor lift and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

i.  failing to warn purchasers and end users of the dangers of the subject scissor lift;

j.  violating the laws of the Commonwealth of Pennsylvania;

k.  violating the laws of the United States;

l.  otherwise failing to use due care and caution under the circumstances; and

m. such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

22.    Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

23.    At all times material hereto, Plaintiff acted with due care.

24.    At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

25.    As a direct and proximate result of the carelessness and negligence of Defendant, Skyjack, Inc. and the defective nature and condition of the aforementioned scissor lift and/or its component parts, Plaintiff, Daniel Bissey, suffered severe and permanent bodily injuries including, but not limited to, a closed fracture of the humeral neck and greater tuberosity of the

left humerus, left lateral epicondylitis, rupture of bicep tendons of the left shoulder, left shoulder partial rotator cuff tear/rupture (infraspinatus/subscapularis), left shoulder impingement syndrome, left shoulder adhesive capsulitis, cervicalgia, cervical C2-3 disc bulge, and cervical disc herniations with cord impingement at the C3-4, C4-5, C5-6, and C6-7 levels.

26.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

27.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

28.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

29.     As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

30.     In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

31.     As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

32.     At all times relevant hereto, Defendant, Skyjack, Inc. is and has been jointly and/or severally liable to the Plaintiff.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, Skyjack, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
## DANIEL BISSEY v. SKYJACK, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

33.     Plaintiff hereby incorporates by reference paragraphs 1 through thirty-two (32) of the within Complaint as though the same had been fully set forth at length herein.

34.     Defendant Skyjack, Inc. placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

35.     Defendant, Skyjack, Inc., designed, manufactured, assembled, maintained, installed, marketed, distributed and sold the afore-mentioned scissor lift and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

36.     Plaintiff's accident was caused by the defective nature of the design, manufacture, assembly, maintenance, installation, marketing, distribution and/or fabrication of the subject scissor lift and/or its component parts.

37.     Defendant, Skyjack, Inc., is strictly liable to Plaintiff as follows:

a.  distributing, supplying, installing, designing, manufacturing and/or selling the subject scissor lift and its component parts in a dangerous condition so that a defective control box and/or components thereof could cause injury to the Plaintiff;

b.  failing to implement a safe system for ensuring the subject scissor lift and its component parts could be used together safely;

c.  failing to recognize the inherent possibility that the subject scissor lift and its component parts could malfunction and/or fail;

d.  failing to reasonably foresee that subsequent alterations would be made to the subject product rendering the subject product unreasonably unsafe to users;

e.  failing to properly equip the subject scissor lift and its component parts with proper safety features;

f.  creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

g.  failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said scissor lift and its component parts;

h.  failing to ensure that the subject scissor lift and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

i.  failing to warn purchasers and end users of the dangers of the subject product;

j.  violating the laws of the Commonwealth of Pennsylvania;

k.  violating the laws of the United States;

l.  otherwise failing to use due care and caution under the circumstances; and

m.  such other acts and/or omissions constituting negligence as may be learned through discovery or demonstrated by the evidence adduced at trial.

38.     Based upon the foregoing, Defendant, Skyjack, Inc., is strictly liable to Plaintiff under the principles of the Restatement (Second) of Torts.

39.     The subject scissor lift and its component parts were distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

40.     The subject scissor lift and its component parts' defects were the cause of Daniel Bissey's injuries.

41.     In addition, Defendant, Skyjack, Inc., designed, manufactured, distributed and sold its scissor lift and component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

42.     In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid scissor lift and its component parts, such as the Plaintiff.

43.     The defective warnings and instructions caused Daniel Bissey's injuries.

44.     As a result of the afore-mentioned conduct of Defendant, Skyjack, Inc., Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, Skyjack, Inc., in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT III**
**DANIEL BISSEY v. SKYJACK, INC.**
**BREACH OF WARRANTY**

45.    Plaintiff hereby incorporates by reference paragraphs 1 through forty-four (44) of the within Complaint as though the same had been fully set forth at length herein.

46.    As a result of the foregoing, Defendant, Skyjack, Inc., violated its implied and express warranties to Plaintiff by designing, manufacturing, distributing and selling a defectively manufactured and/or designed scissor lift and component parts containing defective warnings and instructions.

47.    Specifically, as a result of the accident described herein, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the aforesaid scissor lift and its component parts were merchantable, fit for use and suitable and fit for their particular purpose.

48.    Defendant's breach of its implied and express warranties was a cause of Plaintiff Daniel Bissey's harm.

49.    As a result of the aforementioned conduct of Defendant Skyjack, Inc., Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, Skyjack, Inc., in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IV – NEGLIGENCE
## DANIEL BISSEY v. UNITED RENTALS, INC.

50.    Plaintiff hereby incorporates by reference paragraphs one (1) through forty-nine (49), inclusive, as though same were fully set forth at length herein.

51.   On or about April 15, 2019, Plaintiff was on his knees cutting sheetrock in the course and scope of his employment with Dale Construction, LLC at Chester County Hospital located at 701 E Marshall St, West Chester, Pennsylvania 19380 when, due to the negligence and wrongdoing of Defendant United Rentals, Inc. and the defective condition of the afore-mentioned scissor lift, the scissor lift the scissor lift failed to stop moving forward, hitting Plaintiff, causing him to suffer severe and grievous injuries more fully set forth below.

52.   The negligence of Defendant United Rentals, Inc. consisted of the following:

   a.   carelessly and negligently distributing, supplying, installing, designing, altering, manufacturing, renting, leasing, and/or selling the subject scissor lift and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

   b.   carelessly and negligently failing to implement a safe system for ensuring the subject scissor lift and its component parts could be used together safely;

   c.   carelessly and negligently failing to recognize the inherent possibility that the subject scissor lift and its component parts could malfunction and/or fail;

   d.   failing to reasonably foresee that alterations made to the subject product; more specifically that subsequent alterations made to the aforesaid scissor lift, would render the subject product unreasonably unsafe to users;

   e.   carelessly and negligently failing to properly equip the subject scissor lift and its component parts with proper safety equipment;

   f.   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

   g.   failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said scissor lift and its component parts;

   h.   failing to ensure that the subject scissor lift and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

      i.   failing to warn purchasers and end users of the dangers of the subject scissor lift;

      j.   violating the laws of the Commonwealth of Pennsylvania;

      k.   violating the laws of the United States;

      l.   otherwise failing to use due care and caution under the circumstances; and

     m.  such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

53.     Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

54.     At all times material hereto, Plaintiff acted with due care.

55.     At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

56.     As a direct and proximate result of the carelessness and negligence of Defendant, United Rentals, Inc. and the defective nature and condition of the aforementioned scissor lift and/or its component parts, Plaintiff, Daniel Bissey, suffered severe and permanent bodily injuries including, but not limited to, a closed fracture of the humeral neck and greater tuberosity of the left humerus, left lateral epicondylitis, rupture of bicep tendons of the left shoulder, left shoulder partial rotator cuff tear/rupture (infraspinatus/subscapularis), left shoulder impingement syndrome, left shoulder adhesive capsulitis, cervicalgia, cervical C2-3 disc bulge, and cervical disc herniations with cord impingement at the C3-4, C4-5, C5-6, and C6-7 levels.

57.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

58.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

59.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

60.     As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

61.     In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

62.     As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

63.     At all times relevant hereto, Defendant, United Rentals, Inc. is and has been jointly and/or severally liable to the Plaintiff.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00)

together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT V
## DANIEL BISSEY v. UNITED RENTALS, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

64.     Plaintiff hereby incorporates by reference paragraphs 1 through sixty-three (63) of the within Complaint as though the same had been fully set forth at length herein.

65.     Defendant United Rentals, Inc. placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

66.     Defendant, United Rentals, Inc. designed, manufactured, assembled, maintained, installed, marketed, distributed and/or sold the aforementioned scissor lift and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

67.     Plaintiff's accident was caused by the defective nature of the design, manufacture, assembly, maintenance, alteration, installation, marketing, distribution and/or fabrication of the subject scissor lift and/or its component parts.

68.     Defendant, United Rentals, Inc. is strictly liable to Plaintiff as follows:

n. distributing, supplying, installing, designing, manufacturing and/or selling the subject scissor lift and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

o. failing to implement a safe system for ensuring the subject scissor lift and its component parts could be used together safely;

p. failing to reasonably foresee that alterations made to the subject product rendering the subject product unreasonably unsafe to users;

q. failing to recognize the inherent possibility that the subject scissor lift and its component parts could malfunction and/or fail;

r. failing to properly equip the subject scissor lift and its component parts with proper safety features;

s. creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

t. failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said scissor lift and its component parts;

u. failing to ensure that the subject scissor lift and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

v. failing to warn purchasers and end users of the dangers of the subject product;

w. violating the laws of the Commonwealth of Pennsylvania;

x. violating the laws of the United States;

y. otherwise failing to use due care and caution under the circumstances; and

z. such other acts and/or omissions constituting negligence as may be learned through discovery or demonstrated by the evidence adduced at trial.

69.     Based upon the foregoing, Defendant, United Rentals, Inc. is strictly liable to Plaintiff under the principles of the Restatement (Second) of Torts.

70.     The subject scissor lift and its component parts were distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

71.     The subject scissor lift and its component parts' defects were the cause of Daniel Bissey's injuries.

72.     In addition, Defendant, United Rentals, Inc. designed, altered, manufactured, distributed and sold its scissor lift and component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

73.     In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid scissor lift and its component parts, such as the Plaintiff.

74.     The defective warnings and instructions caused Daniel Bissey's injuries.

75.     As a result of the afore-mentioned conduct of Defendant, United Rentals, Inc. Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT VI
## DANIEL BISSEY v. UNITED RENTALS, INC.
## <u>BREACH OF WARRANTY</u>

76.     Plaintiff hereby incorporates by reference paragraphs 1 through seventy-five (75) of the within Complaint as though the same had been fully set forth at length herein.

77.     As a result of the foregoing, Defendant, United Rentals, Inc., violated its implied and express warranties to Plaintiff by designing, manufacturing, distributing and selling a defectively manufactured and/or designed scissor lift and component parts containing defective warnings and instructions.

78.     Specifically, as a result of the accident described herein, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the aforesaid scissor lift and its component parts were merchantable, fit for use and suitable and fit for their particular purpose.

79.     Defendant's breach of its implied and express warranties was a cause of Plaintiff Daniel Bissey's harm.

80.     As a result of the aforementioned conduct of Defendant United Rentals, Inc. Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, United Rentals, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT VII – NEGLIGENCE
## DANIEL BISSEY v. LINAMAR CORPORATION

81.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighty (80), inclusive, as though same were fully set forth at length herein.

82.     On or about April 15, 2019, Plaintiff was on his knees cutting sheetrock in the course and scope of his employment with Dale Construction, LLC at Chester County Hospital located at 701 E Marshall St, West Chester, Pennsylvania 19380 when, due to the negligence and wrongdoing of Defendant Linamar Corporation and the defective condition of the afore-mentioned scissor lift, the scissor lift the scissor lift failed to stop moving forward, hitting Plaintiff, causing him to suffer severe and grievous injuries more fully set forth below.

83.     The negligence of Defendant Linamar Corporation consisted of the following:

a. Establishing a safety committee to oversee safety factors of the corporation and its wholly owned subsidiaries, which said safety committee was and is totally inept and failed to know, investigate or oversee the activities of the corporation or its wholly owned subsidiaries, which said investigation would have revealed the unsafe design, manufacture and dangerous condition of the scissor lift in question;

b. In establishing a safety committee where the members thereof are not knowledgeable in or are inadequately trained to oversee safety factors of the design and manufacture of machinery, as the scissor lift used in this case, whereby any such trained safety personnel would not have permitted the use of the unsafe "scissor lift";

c. In allowing its subsidiary corporations, including Skyjack, Inc., to design, manufacture, fabricate and use as part of its business, dangerous machinery, without an inspection by qualified safety engineers and personnel;

d. In permitting carte blanche financial contribution to the development, design, fabrication and use of said machinery, including the scissor lift in question, without adequately ensuring the incorporation of safety factors into said development, design, fabrication and use;

e. In allowing a subsidiary corporation to allow operation of the scissor lift without safe-guarding of the hazard which was technically and economically feasible. In further allowing a subsidiary corporation to operate the scissor lift where a defect in the control panel and/or components thereof could result in unexpected motion;

f. In specifically approving the repair, design, manufacture, alteration, fabrication and use of complex and dangerous machinery without approving or implementing any guidelines for the safety of users of said machinery;

g. In specifically approving the design, manufacture, alteration, fabrication and use of complex and dangerous machinery without approving or implementing any guidelines for the inspection by qualified safety engineers and personnel for the safety of use of said equipment;

h. In failing to hire or train competent personnel to insure that adequate and appropriate safety factors were to be considered and incorporated in the design, manufacture, fabrication and use of the said products, including the scissor lift in question; more specifically, the defendant had knowledgeable employees at other of its subsidiaries which had state of the art equipment, yet it failed to ensure that those employees imparted said knowledge to the workers at Skyjack, Inc.

i. In failing to supervise and be aware of what machinery was being used by its subsidiaries which did not meet industry standards and developments;

j. In failing to set a policy or requirement that safety considerations must be considered in the repair, design, manufacture, fabrication and use of said products;

k. In knowing, or in the exercise of reasonable care, should have known, that the subsidiary was using dangerous and defective machinery in its day to day operations, which were approved by defendant;

l. In knowing, or in the exercise of reasonable care, should have known, that personnel hired to repair, maintain, design, manufacture and fabricate said machinery, and approved ultimately by defendant were not qualified and were inadequately trained to consider safety factors in the design, manufacture and fabrication of such machinery;

m. In knowing, and approving, or in the exercise of reasonable care, should have known, of the use of an unsafe and dangerous machine;

n. In failing to comply with and in fact to violate applicable federal, state, local, industrial, trade and/or commercial regulations concerning said machine and safety design;

o. Such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

p. The defendant is liable under Restatement of Torts (2nd) Section 324A "(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

84.    Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

85.    At all times material hereto, Plaintiff acted with due care.

86.    At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

87.    At all times material hereto, Defendant should have realized the afore-mentioned dangerous condition involved an unreasonable risk of harm to carpenters operating the afore-mentioned equipment.

88.    At all times material hereto, Defendant should have expected that carpenters would be unaware and thus unable to protect themselves against the dangerous conditions, more specifically, that Plaintiff would be unable to protect himself from the dangerous condition.

89.    At all times material hereto, Defendant failed to exercise reasonable care to protect such invitees, including Plaintiff, against the dangerous condition created by Defendant.

90.    At all times material hereto, Defendant knew carpenters using the afore-mentioned equipment would be exposed to hazards in the course of using said scissor lift.

91.    At all times material hereto, Defendant was charged with the duty to supervise the repair, maintenance, design, manufacture, alteration, and fabrication processes employed by its subsidiaries.

92.    As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned scissor lift, Plaintiff suffered severe and permanent injuries including, but not limited to, a closed fracture of the humeral neck and greater tuberosity of the left humerus, left lateral epicondylitis, rupture of bicep tendons of the left shoulder, left shoulder partial rotator cuff tear/rupture (infraspinatus/subscapularis), left shoulder impingement syndrome, left shoulder adhesive capsulitis, cervicalgia, cervical C2-3 disc bulge, and cervical disc herniations with cord impingement at the C3-4, C4-5, C5-6, and C6-7 levels, which has caused him to undergo extensive medical care and treatment and to endure great physical pain, suffering and anxiety.

93.    As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned scissor lift, Plaintiff has in the past and will in the future continue to suffer from the above conditions as well as severe and substantial scarring, deformity, pain, shock, mental anguish, distress, humiliation, embarrassment, disfigurement, loss of well-being, severe restrictions on his ability to engage in normal activities and an inability to pursue and enjoy the normal ordinary features of life.

94.     As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned premises, Plaintiff has required and will in the future, continue to require medical care, rehabilitative care and medical care and treatment to treat and to attempt to treat his condition and has incurred and will incur substantial expenses for such care and treatment.

95.     As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned premises located at the aforesaid facility, Plaintiff has in the past and will be in the future, be prevented from performing his usual duties, avocations and occupations and has suffered a loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Daniel Bissey, demands judgment against Defendant Linamar Corporation in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT VIII – NEGLIGENCE
### DANIEL BISSEY v. JOHN DOES 1-20

96.     Plaintiff hereby incorporates by reference paragraphs one (1) through ninety-five (95), inclusive, as though same were fully set forth at length herein.

97.     On or about April 15, 2019, Plaintiff was on his knees cutting sheetrock in the course and scope of his employment with Dale Construction, LLC at Chester County Hospital located at 701 E Marshall St, West Chester, Pennsylvania 19380 when, due to the negligence and wrongdoing of Defendant John Does 1-20 through their employees, agents, servants and/or ostensible agents, more specifically individuals involved in the distributing, supplying, installing, designing, altering, manufacturing, renting, leasing, and/or selling the subject scissor lift, whom

may be identified by Defendants through their staffing rosters, pay roll records, flow sheets, notes, correspondence, contracts, or other documentation, and the defective condition of the afore-mentioned scissor lift, the scissor lift the scissor lift failed to stop moving forward, hitting Plaintiff, causing him to suffer severe and grievous injuries more fully set forth below.

98.   The negligence of Defendant John Does 1-20 consisted of the following:

   a. carelessly and negligently distributing, supplying, installing, designing, altering, manufacturing, renting, leasing, and/or selling the subject scissor lift and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

   b. carelessly and negligently failing to implement a safe system for ensuring the subject scissor lift and its component parts could be used together safely;

   c. carelessly and negligently failing to recognize the inherent possibility that the subject scissor lift and its component parts could malfunction and/or fail;

   d. failing to reasonably foresee that alterations made to the subject product rendering the subject product unreasonably unsafe to users;

   e. carelessly and negligently failing to properly equip the subject scissor lift and its component parts with proper safety equipment;

   f. carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

   g. failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said scissor lift and its component parts;

   h. failing to ensure that the subject scissor lift and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

   i. failing to warn purchasers and end users of the dangers of the subject scissor lift;

   j. violating the laws of the Commonwealth of Pennsylvania;

k.   violating the laws of the United States;

l.   otherwise failing to use due care and caution under the circumstances; and

m.   such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

99.   Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

100.   At all times material hereto, Plaintiff acted with due care.

101.   At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

102.   As a direct and proximate result of the carelessness and negligence of Defendant, Defendant John Does 1-20 and the defective nature and condition of the aforementioned scissor lift and/or its component parts, Plaintiff, Daniel Bissey, suffered severe and permanent bodily injuries including, but not limited to, a closed fracture of the humeral neck and greater tuberosity of the left humerus, left lateral epicondylitis, rupture of bicep tendons of the left shoulder, left shoulder partial rotator cuff tear/rupture (infraspinatus/subscapularis), left shoulder impingement syndrome, left shoulder adhesive capsulitis, cervicalgia, cervical C2-3 disc bulge, and cervical disc herniations with cord impingement at the C3-4, C4-5, C5-6, and C6-7 levels.

103.   As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

104.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

105.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

106.    As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

107.    In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

108.    As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

109.    At all times relevant hereto, Defendant, John Does 1-20 is and has been jointly and/or severally liable to the Plaintiff.

WHEREFORE, Plaintiff, Daniel Bissey, demands judgment against the Defendant, Defendant John Does 1-20 in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IX - LOSS OF CONSORTIUM
## PEGGY BISSEY v. ALL DEFENDANTS

110.   Plaintiff hereby incorporates by reference paragraphs one (1) through one hundred and nine (109) of the within Complaint as though the same were fully set forth at length herein.

111.   As a further result of the incident described herein, Plaintiff, Peggy Bissey, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Daniel Bissey, to which she is legally entitled.

112.   As a further result of the incident described herein, Plaintiff, Peggy Bissey, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Peggy Bissey, demands judgment against Defendants, in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully submitted,

SWARTZ CULLETON PC

By:     /s/Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Bryan M. Ferris, Esquire
        Matthew J. McElvenny, Esquire

        *Attorneys for Plaintiffs,*
        Daniel Bissey and Peggy Bissey, h/w

Date: December 30, 2019

EXHIBIT A

